## WANTON VAUGHN v. NOAH STURTEVANT.

Where, pending an action of assumpsit against him, in which his real estate is
attached, the defendant dies, and his administrator appears and takes upon
himself the defence of the suit, the attachment is dissolved; and if judgment is
rendered against the administrator, it must be against the estate of the deceased
in his hands, and the execution must conform thereto, and must not run against
" the real estate attached."

ASSUMPSIT by the plaintiff, as endorsee of a bill of exchange
for $976, payable ten days after date, drawn on the 21st day of
August, 1861, by one Seth W. Baker on the firm of N. Sturte-
vant & Co., of Boston, who accepted the same. The suit was
commenced in the Court of Common Pleas for the county of
Providence, by writ dated September 10th, 1861, returnable to
the December term of that court, which writ was served only by
attachment of a tract of land in Cranston belonging to Noah
Sturtevant, one of the firm of the acceptors. The action was
entered at the term of the court to which the writ was returna-
ble, which term commenced on the 2d day of December, 1861,
and on the 4th day of that month, Noah Sturtevant, the defen-
dant, was killed by a railway accident, in Massachusetts, of which
state he was a citizen and resident, leaving no estate in Rhode
Island except the tract of land attached in the suit, the value of
which was insufficient to pay the plaintiff's claim. The case was
continued in the Court of Common Pleas, until the December
term of that court, 1862, when the death of Sturtevant was sug-
gested, and Daniel W. Vaughn, who had been appointed admin-
trator of his estate, appeared and took upon himself the defence
of the suit; whereupon the plaintiff submitted to judgment for
the defendant's costs, and appealed to the Supreme Court for the
county of Providence, to be held on the fourth Monday of March,
1863. In this court, the administrator, defendant, submitted to
judgment for the plaintiff for the sum of $1069.64 and costs,
subject to the decision of the court, whether the execution should
issue in the ordinary form, against the estate of the deceased in
the hands of the administrator, or, in addition thereto, against

the " real estate attached of the intestate,"—the judgment to be entered as of the second day of the term.

*T. A. Durfee, for the plaintiff,* referring to the Revised Statutes, Ch. 181, sections 15 and 16, Ch. 195, section 10, Ch. 161, sections 6, 9 and 10, Ch. 158, sections 1, 14 and 15, contended, that the form of execution prescribed in Ch. 161, does not defeat the attachment, because it is subject to the exception provided for when real estate is attached,—that nothing in the policy of the law can work such an effect,—and that if the legislature had intended that the death of the debtor, pending the suit, should defeat the lien acquired by the creditor's attachment, it would not have left its intention to be inferred by doubtful interpretation, but would have expressly provided for it, as is done in Massachusetts, and would have done the creditor the poor justice, at least, of making the payment of his necessary costs and expenses a condition of the defeasance. That in Massachusetts, an attachment of the debtor's property is dissolved by his death only from the express terms of the statute, (Rev. Stat. Mass. Ch. 90, § 105,) he cited *Parsons* v. *Merrill, administrator,* 5 Metc. 356.

He further argued, that the case was analogous to the case of a lien by judgment, in states where judgments are made a lien on the debtor's real estate, and where it is held that the lien survives the death of the judgment debtor, and the judgment creditor has only to revive it against the heirs and *terre* tenants by *scire facias,* in order to enforce it. *Reynolds* v. *Henderson,* 2 Gilman's R. 110; *Nicholas* v. *Phelps,* 15 Penn. State R. 36; *Jackson* v. *Robins,* 16 Johns. 577; *Miami Exporting Co.* v. *Halley,* 7 Ham. 11; *Burdett* v. *Chandler,* 22 Texas R. 14.

That a lien by attachment before judgment also survived the death of the defendant, he cited *Frellson* v. *Green,* 19 Ark. 376; *Davis* v. *Oswalt,* Ib. 414; *Kennedy* v. *Raguett,* 1 Bay's R. 484; *Fitch* v. *Ross,* 4 Serg. & R. 557.

*D. W. Vaughn, pro seipso,* submitted the case without argument.

BRAYTON, J. The plaintiff claims the benefit of certain provisions of the Revised Statutes which were never intended for him, and are not applicable to his case. The plaintiff having

sued out his writ of arrest against the original defendant, as provided in section 15, of Ch. 181, and the defendant not being to be found in this State, nor his goods or chattels within the officer's precinct, his real estate was rightfully attached to answer the debt, and the plaintiff, so long as the original defendant remained a party to the suit, was entitled, under section 1 of the same chapter, to hold the property attached as security for his debt; and had the original defendant survived to final judgment, and final process had issued against him, the execution, under section 18, of Ch. 195, must have issued against the estate attached on the writ, by inserting therein the words, "real estate attached." This execution must, under section 18 of Ch. 181, have been levied on "the property so attached." All this the plaintiff would have been entitled to against the original defendant; but when that defendant, by death, ceased to be a party to the suit before judgment therein, 'the plaintiff's rights were essentially changed.

By the common law, the death of a sole defendant at any time before final judgment would have abated the suit altogether, and no judgment could have been rendered therein. The suit must have been dismissed,—any attachment made therein dissolved and lost,—and the plaintiff put to a new action against the executor or administrator of the deceased, in which the writ would authorize neither an arrest, nor an attachment of real estate. From none of these consequences is the surviving party saved except by the provisions of Ch. 161, of the Revised Statutes referred to; and these do not declare that the action shall not abate, or that it shall survive with all the incidents it originally had; but that, instead of being dismissed, it may be made to answer the purposes of the new suit which a dismissal of the action would render necessary. This is to be done by compelling the new parties necessary to such new suit to become parties to this, and allowing the action then to proceed as if the suit had originally been between them, and the deceased had never been a party. Section 5 gives the executor or administrator of the deceased a right, and makes it his duty, to become a party. The next section enables the surviving party to summon in such administrator and thereby make him a party, and then provides,

that unless the estate shall have been represented insolvent, judgment, if it pass against the administrator, shall be entered up against the estate of the deceased in the hands of the administrator,—the same judgment that would be rendered if the administrator had been a party originally, and not such as would have been rendered if the deceased had continued a party. It is then expressly provided, that the process upon such judgment, the final process in the suit, shall be the like process as if the action had been originally against, the administrator. Section 9 provides, what that final process shall be in a suit originally commenced against an administrator,—that it shall run against the goods, chattels, rights and credits of the deceased only, in the hands of the administrator.

It is quite clear, that these provisions save nothing of the incidents of an abatement of the original suit, except that the action is allowed to proceed with the new parties, and in the manner prescribed. It is equally clear, that the lien now claimed by the plaintiff is not saved by these provisions, either expressly or impliedly, and that no execution can issue against the real estate of the original defendant which had been attached.